JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, International Total Services, Inc. ("ITS"), appeals the trial court's granting of a motion by defendants-appellees, David Garlitz and Sandra Mackless (individually as "Garlitz" and "Mackless" and collectively as "defendants"), to dismiss the ITS complaint under Civ. R. 12(B)(1). Finding no merit to the appeal, we affirm.
 {¶ 2} In July 2007, ITS filed a replevin action against the defendants seeking personal property in the defendants' possession. ITS alleges that the defendants came in possession of property that belonged to ITS as a result of bankruptcy proceedings in New York. ITS further alleges that the defendants failed to return that property, despite a timely demand.
 {¶ 3} In response, the defendants moved to dismiss, or in the alternative, moved for summary judgment. The defendants argued that the trial court lacked subject matter jurisdiction over the complaint. They maintained that bankruptcy court has jurisdiction over the construction and enforcement of the stipulation that is the subject of the ITS complaint. The trial court agreed and granted the defendants' motion, stating that: "[t]his court lacks subject matter jurisdiction which in fact lies with the U.S. Bankruptcy Court for the Eastern District of New York." *Page 3 
 {¶ 4} ITS now appeals, raising one assignment of error for our review, in which it argues that the trial court erred by dismissing its complaint for lack of subject matter jurisdiction.
 {¶ 5} Standard of Review
 {¶ 6} We apply a de novo standard of review to the trial court's granting of a motion to dismiss under Civ. R. 12(B)(1) for lack of subject matter jurisdiction. Dzina v. Avera Internatl. Corp., Cuyahoga App. No. 86583, 2006-Ohio-1363. Under this standard of review, we must independently review the record and afford no deference to the trial court's decision. Herakovic v. Catholic Diocese of Cleveland, Cuyahoga App. No. 85467, 2005-Ohio-5985.
 {¶ 7} Civ. R. 12(B)(1)
 {¶ 8} Civ. R. 12(B)(1) provides that: "[e]very defense, in law or fact, to a claim for relief in any pleading, * * * shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter * * *"[1] *Page 4 
 {¶ 9} Bankruptcy Court Jurisdiction
 {¶ 10} Under Section 1334(a), Title 28, U.S. Code, a federal district court has "original and exclusive jurisdiction of all cases under title 11," except as provided in Section 1334(b).[2] See Peabody LandscapeConstr., Inc. v. Schottenstein (S.D. Ohio 2007), 371 B.R. 276. Section 1334(b) provides district courts with original jurisdiction over cases "arising under title 11, or arising in or related to cases under title 11." Cases arising under section 1334(b) are in turn delegated to the bankruptcy courts through Section 157(a), Title 28, U.S. Code, which provides that district courts have the authority to refer to bankruptcy judges "all proceedings arising under title 11 or arising in or related to a case under title 11 * * *." See, also, Peabody. Under Section 157(b)(1), "arising under" and "arising in" proceedings are known as "core proceedings." Core proceedings include, among others: "(A) matters concerning the administration of the estate; * * * (E) orders to turn over property of the estate; * * * (L) confirmations of plans; * * * [and] (O) other proceedings affecting the liquidation of the assets of the estate * * *." Id.[3] *Page 5 
 {¶ 11} "For the purpose of determining whether a particular matter falls within bankruptcy jurisdiction, it is not necessary to distinguish between the three categories of jurisdiction under 1334(a) (`arising under,' `arising in,' and `related to' a case under title 11). `These references operate conjunctively to define the scope of jurisdiction.' Therefore, for purposes of determining section 1334(b) jurisdiction, it is necessary only to determine whether a matter is at least `related to' the bankruptcy." Peabody. (Internal citations omitted).
 {¶ 12} Generally, jurisdiction of a bankruptcy proceeding ceases with the closing of the bankruptcy estate. In re GWF Invest., Ltd. (Bankr.Ct. Ohio 1988), 85 B.R. 771. However, bankruptcy courts do retain jurisdiction after a case has been closed to interpret or enforce previously entered orders. In re Menk (Bankr.Ct.Cal. 1999),241 B.R. 896; Koehler v. Grant (C.A.8, 1997), 213 B.R. 567. "There can be no question that a proceeding * * * to enforce and construe a confirmation order issued by [the] Court * * * constitutes a proceeding `arising in or related to a case under title 11.'" In re Texaco Inc. (Bankr.Ct.N.Y. 1995), 182 B.R. 937, 944; In re Williams (C.A.8, 2001), 256 B.R. 885.
 {¶ 13} Moreover, "bankruptcy courts must retain jurisdiction to construe their own orders if they are to be capable of monitoring whether those orders are ultimately executed in the intended manner. Requests for bankruptcy courts to construe their own orders must be considered to arise under title 11 if the *Page 6 
policies underlying the Code are to be effectively implemented." In reFranklin (C.A.9, 1986), 802 F.2d 324.
 {¶ 14} In the instant case, ITS requested that the trial court interpret and construe the prior order of the bankruptcy court because it claims the bankruptcy court no longer had jurisdiction over the dispute once the bankruptcy case was closed. Because the case is closed, ITS maintains that the parties are now subject to Ohio law, and thus a replevin action is the appropriate way to recover its property. We disagree.
 {¶ 15} ITS and various affiliates and/or subsidiaries filed a voluntary petition for relief under the bankruptcy code in the U.S. Bankruptcy Court in the Eastern District of New York. As part of the liquidation plan, Garlitz was appointed as the liquidating agent who was responsible for the distribution of the consolidated estate's assets.[4] By order the bankruptcy court, Garlitz was "required to retain all material, ordinary course financial books and records of the Consolidated Debtor [ITS]. The Liquidating Agent shall deliver to the Weitzel Parties [directors of ITS entities], at their expense and upon occurrence of a Continuation Event, one set of recent back-up computer tapes containing financial data stored on the Consolidated Debtors' IBM AS400 mainframe computer." *Page 7 
 {¶ 16} On May 4, 2007, the "Weitzel Parties" requested certain financial information from Garlitz's counsel. Counsel responded that the liquidating agent (Garlitz) would deliver one set of recent back-up computer tapes as the bankruptcy order provided. Nine days later, ITS filed suit in Ohio seeking a replevin action for the information in Garlitz's possession.[5]
 {¶ 17} Since ITS is asking the trial court to enforce and construe a prior order of the bankruptcy court, we find that this matter clearly arises in and relates to a case under title 11. The language in the provisions of ITS' Plan as well as the bankruptcy code provide that the bankruptcy court has jurisdiction to enforce and interpret its own orders for proceedings arising under title 11. Thus, we conclude that the U.S. Bankruptcy Court in the Eastern District of New York has subject matter jurisdiction over the ITS claim. Accordingly, we find that the trial court's dismissal under Civ. R. 12(B)(1) was proper.
 {¶ 18} Therefore, the sole assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
 The Court finds there were reasonable grounds for this appeal. *Page 8 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, J., and ANN DYKE, J., CONCUR
[1] We note that an objection based on a lack of subject matter jurisdiction may be raised at any stage of the proceeding. In reByard, 74 Ohio St.3d 294, 296, 1996-Ohio-163, 658 N.E.2d 735.
[2] "The term `cases under title 11' as used in section 1334(a) is a term of art signifying an action commenced in a federal district court or bankruptcy court with the filing of a petition pursuant to11 U.S.C. §§ 301, 302 or 303." Robinson v. Michigan Consol. Gas Co. (C.A.6, 1990),918 F.2d 579, 583.
[3] "Non-core proceedings," are defined as those proceedings "otherwise related to a case under title 11." Section 157(b)(3).
[4] Mackless was Garlitz's administrative assistant at the time of the liquidation.
[5] In its final decree and order closing the title 11 case issued on May 29, 2007, the bankruptcy court ordered that: "the court shall retain jurisdiction, pursuant to Article VI of the Plan, over any matters that may arise in connection with or relate to the Plan of the Consolidated Debtors' Chapter 11 cases * * *." *Page 1