INDEPENDENT FURNITURE SALES, INC., Appellee,

v.

MARTIN, d.b.a. Martin's Appliance, Appellant.

[Cite as *Indep. Furniture Sales, Inc. v. Martin*, 184 Ohio App.3d 562, 2009-Ohio-5697.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 92640.

Decided Oct. 29, 2009.

Weltman, Weinberg & Reis Co., L.P.A., and Stanley Green, for appellee.

Thomas N. Michaels, for appellant.

COLLEEN CONWAY COONEY, Administrative Judge.

{¶ 1} Defendant-appellant, Dan Martin, d.b.a. Martin's Appliance TV and Furnishings ("Martin"), appeals the trial court's entry of judgment in favor of plaintiff-appellee, Independent Furniture Sales, Inc. ("Independent"). Finding no merit to the appeal, we affirm.

{¶ 2} In October 2006, Independent filed suit against Martin, seeking a balance of $7,150 for furniture it provided to Martin on consignment. Martin answered,

claiming that Dan Martin, individually, is the wrong party and Struthers' Appliances & Furnishings, Inc., d.b.a. Martin's Appliance & TV ("Struthers"), is the entity that incurred the debt to Independent. The matter proceeded to a bench trial, at which the following evidence was introduced.

{¶ 3} Approximately 15 years earlier, Marvin Logan, president of Independent, began selling furniture to Martin. The two men had an "on and off again" business relationship. There were many times when Martin owed Independent money and Logan would not sell to him. Martin would eventually pay Independent, and Logan would again sell furniture to Martin.

{¶ 4} In February 2005, Martin asked Logan to supply merchandise for a going-out-of-business sale. Logan sent Martin the merchandise on a consignment basis. From February 2005 through April 2005, Martin ordered $11,090.40 in merchandise for the sale. Martin paid only $3,940.40, leaving a balance of $7,150.[1]

{¶ 5} Martin's testimony focused on whether he was personally liable for the debt. He testified that he was involved with several business entities. He incorporated Martin's Appliance & TV, Inc., and did business under the trade name Martin's Appliance until 2003, which was when he started working for Struthers as its operating manager.[2] Martin further testified that when he initially started doing business with Independent, he did not recall disclosing to Logan that his company was a corporation. He also did not recall informing Logan that the business changed to Struthers, a new company.[3] Martin admitted that after Struthers was incorporated, the sign over the store remained "Martin's Appliance, TV & Furniture."

{¶ 6} The trial court found that Martin was personally liable and entered judgment against him in the amount of $7,150, plus interest and costs. Martin now appeals, raising three assignments of error.

## Manifest Weight of the Evidence

{¶ 7} In the first assignment of error, Martin argues that the trial court's judgment was against the manifest weight of the evidence.

{¶ 8} In a civil case, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be

---

1. At trial, the parties stipulated to the outstanding balance of $7,150.

2. Martin testified that Martin's Appliance & TV went out of business in the early 1990s and that he filed for bankruptcy in 2002. His brother, Charles, was the president of Struthers until he transferred his stock to Martin in 2003.

3. Struthers filed for bankruptcy in July 2005.

reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. "A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 81, 10 OBR 408, 461 N.E.2d 1273. See also *State v. Wilson,* 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264. Thus, a judgment supported by "some competent, credible evidence going to all the essential elements of the case" must be affirmed. *C.E. Morris Co.* at 280, 8 O.O.3d 261, 376 N.E.2d 578.

{¶ 9} The Ohio Supreme Court has also recognized that when reviewing a judgment under a manifest-weight-of-the-evidence standard, the reviewing court has an obligation to presume that the findings of the trier of fact are correct. *Seasons Coal* at 80–81, 10 O.B.R. 408, 461 N.E.2d 1273. This presumption arises because the trial judge had an opportunity "to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Id. at 80, 10 O.B.R. 408, 461 N.E.2d 1273.

{¶ 10} Martin argues that he is not personally liable for the balance owed to Independent. He claims that he did not personally bind himself or accept liability for Struthers's debt. He further claims that he was an agent of Struthers and that Martin's Appliance was a fictitious name for a properly registered principal, Struthers.

{¶ 11} To avoid personal liability in the instant case, Martin must demonstrate that as the agent, he disclosed to Independent (1) the agency relationship and (2) the identity of the principal, Struthers. If this disclosure is not made, then the agent may be personally liable for contracts entered in his own name. *James G. Smith & Assoc., Inc. v. Everett* (1981), 1 Ohio App.3d 118, 120–121, 1 OBR 424, 439 N.E.2d 932.

{¶ 12} As the *Smith & Assoc.* court noted, an agent may be held personally liable in the following situation:

*Where the principal is undisclosed, i.e.,* where neither the existence of an agency nor the identity of the principal is known to the third party. Here, the dealing is held to be between the agent and the third party, and the agent is liable. Should the identity of the principal be discovered, he may be held liable by the third party who must elect to pursue either the principal or agent—both are not liable. The rationale for the agent's liability is that since the third

party was unaware of the agency, he intended to deal with the agent as an individual, not as an agent.

(Emphasis sic and citations omitted.)   Id.[4]

{¶ 13} Martin also contends that *Alpha Concrete Corp. v. DiFini* (Jan. 10, 1985), Cuyahoga App. No. 48390, 1985 WL 7426, is analogous to the instant case. In *Alpha Concrete*, plaintiff corporation brought suit against DiFini in his individual capacity to recover monies due for concrete that it sold to DiFini.[5]   At trial, Alpha Concrete argued that DiFini was an undisclosed principal.   The evidence demonstrated that Alpha Concrete designated the account as "John DiFini" and all payments to Alpha Concrete were made by check drawn on the corporate account, "DiFini Cement Contractors, Inc." The trial court found that DiFini was personally liable on the debt to Alpha Concrete, and DiFini appealed. On appeal, we reversed the trial court, finding:

No evidence was introduced by Alpha Concrete at trial to demonstrate that John DiFini had ever personally ordered cement from [Alpha Concrete], except for the fact that [Alpha Concrete] carried the account in his name personally, rather than in a corporate capacity as DiFini Cement Contractors, Inc.   For this Court to permit a finding of personal liability on the basis of that evidence alone would, in effect, permit a seller's bookkeeper to bind an individual employee of a corporate buyer as guarantor of the buyer's corporate liabilities, without obtaining the consent of the affected individual employee.

[Alpha Concrete] should have been on notice that it was dealing with a corporation, because the billings consistently were paid by check drawn on the corporate account of DiFini Cement Contractors, Inc. Without direct evidence that [DiFini] personally ordered any materials from [Alpha Concrete], a judgment in appellee's favor cannot be supported.

Id.

{¶ 14} However, the instant case is easily distinguished from *Alpha Concrete*. The evidence in the instant case demonstrated that Logan, on behalf of Independent, dealt exclusively with Martin and sold furniture to him for many years. Martin would personally order from Logan, and Independent would bill either Martin's Appliance & Furniture and Dan Martin, Martin's Appliance & Furniture, or Dan Martin.   In February 2002, Martin filed for bankruptcy in his own name and in the name of Martin's Appliance TV and Furnishings.   Despite the

---

4.   We note that the issue whether an agency relationship and the identity of the principal were disclosed or known to a third party is a question of fact for the fact-finder to determine. *Nutro Co. v. Stein* (Dec. 11, 1980), Cuyahoga App. No. 41914, 1980 WL 355295; *Mancino v. Capital Natl. Bank* (May 7, 1981), Cuyahoga App. No. 43061, 1981 WL 4927.

5.   DiFini was the president of DiFini Cement Contractors, Inc.

bankruptcy proceedings, Martin continued to do business under the name Martin's Appliance until January 2003, when Struthers was incorporated and used the name Martin's Appliance & TV. Martin did not recall informing Logan of Struthers's existence.

{¶ 15} The only evidence on the record that arguably constituted notice to Independent that Martin worked for Struthers are two checks issued on March 28 and April 1, 2005, on the corporate checking account of Struthers Appliance & Furnishings Inc., d.b.a. Martin's Appliance. These checks were issued after Martin requested the merchandise in February. However, Martin failed to submit any other evidence indicating how the previous payments were made to Independent.

{¶ 16} It was incumbent upon Martin to demonstrate that the corporate shield was established. "[T]he corporate officer has a responsibility to clearly identify the capacity in which he is dealing in a specific transaction * * *." *Universal Energy Serv., Inc. v. Camilly* (May 3, 1991), Ashtabula App. No. 90–A–1533, 1991 WL 70787; see also *Promotion Co., Inc. v. Sweeney*, 150 Ohio App.3d 471, 2002-Ohio-6711, 782 N.E.2d 117. The failure to comply with this rule will expose the corporate officer to individual liability on the resulting contract. *Hommel v. Micco* (1991), 76 Ohio App.3d 690, 697, 602 N.E.2d 1259. Based on the parties' prior dealings over a decade, the issuance of these two checks alone was not sufficient disclosure to Independent that Struthers was the principal responsible for the purchases.

{¶ 17} Furthermore, Logan testified at trial that at all times he believed that he was doing business with Martin. He claimed that Martin never informed him that Martin's business organization had changed. Moreover, Martin testified that when he initially started doing business with Independent, he did not recall disclosing to Logan that his company was a corporation. He further admitted that he did not recall informing Logan that the business changed to Struthers, a new company. Martin also testified that after Struthers was incorporated, the sign on the storefront read, "Martin's Appliance, TV & Furniture."

{¶ 18} Based on the foregoing, we find that Martin failed to disclose that he was an agent of Struthers. Thus, competent, credible evidence supports the trial court's conclusion that Martin was personally liable to Independent for the $7,150 balance.

{¶ 19} Accordingly, the first assignment of error is overruled.

### Amended Answer

{¶ 20} In the second assignment of error, Martin argues that the trial court abused its discretion in denying his motion for leave to file an amended

answer.[6] Martin filed his motion two years after the complaint was filed.

{¶ 21} Civ.R. 15(A) governs amendments to pleadings and provides:

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires.

{¶ 22} In the instant case, Martin moved for leave to amend his answer on October 22, 2008, seeking to add improper venue, statute of frauds, and abandonment as additional defenses. He claimed that these additional affirmative defenses came to light after his new defense counsel deposed Logan on September 12, 2008. His only argument on appeal, however, is that venue is not proper in Cuyahoga County because Martin resides in Mahoning County and the goods were delivered in Mahoning County.

{¶ 23} Martin's amended answer could be filed only with leave of court. Although Civ.R. 15(A) states that "leave of court shall be freely given when justice so requires," the decision to deny an amended pleading is within the court's discretion. *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622. Thus, we will not disturb the trial court's decision absent an abuse of discretion. *Mills v. Deehr*, Cuyahoga App. No. 82799, 2004-Ohio-2338, 2004 WL 1047720. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.

{¶ 24} In *Wilmington Steel*, the Ohio Supreme Court adopted the test set forth by this court in *Solowitch v. Bennett* (1982), 8 Ohio App.3d 115, 117, 8 O.B.R. 169, 456 N.E.2d 562, which established that leave to amend be sought in good faith, and held: " '[T]here must be at least a prima facie showing that the movant can marshal support for the new matters sought to be pleaded, and that the amendment is not simply a delaying tactic, nor one which would cause prejudice to the defendant.' " Id. at 122, 573 N.E.2d 622, quoting *Solowitch*. Here, Martin's attempt to raise venue as an affirmative defense two years after the

---

6. The trial court did not expressly rule on the motion. We note that when a trial court fails to rule upon a pretrial motion, it may be presumed that the court overruled it. See *State ex rel. The V Cos. v. Marshall* (1998), 81 Ohio St.3d 467, 692 N.E.2d 198, citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 223, 631 N.E.2d 150.

action had been filed can reasonably be construed as a delay tactic. Thus, we find that it was not an abuse of discretion to deny his motion for leave to amend two years after the action had been filed.

{¶ 25} Thus, the second assignment of error is overruled.

## Motion in Limine

{¶ 26} In the third assignment of error, Martin argues that the trial court abused its discretion in denying his motion in limine, which sought to exclude a credit application Martin completed for the Jenn–Air Company.

{¶ 27} We note that a ruling on a motion in limine is "a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of [an] evidentiary issue." *State v. Grubb* (1986), 28 Ohio St.3d 199, 201–202, 28 OBR 285, 503 N.E.2d 142. "Failure to object to evidence at the trial constitutes a waiver of any challenge, regardless of the disposition made for a preliminary motion in limine." Id. at 203, 28 OBR 285, 503 N.E.2d 142, quoting *State v. Wilson* (1982), 8 Ohio App.3d 216, 220, 8 OBR 288, 456 N.E.2d 1287. See also *State v. Maurer* (1984), 15 Ohio St.3d 239, 259–260, 15 OBR 379, 473 N.E.2d 768.

{¶ 28} In the instant case, the court held a hearing on Martin's motion in limine prior to trial. The trial court ruled that the exhibit was admissible, finding that there was no surprise and any issues could be dealt with at trial. A review of the record reveals that Martin failed to renew his objection when the exhibit was introduced at trial. This court has held that by failing to object to the evidence during trial, the defendant has waived its objection on appeal. *Pritt v. Edward J. DeBartolo Corp.* (Oct. 8, 1998), Cuyahoga App. Nos. 72730 and 73872, 1998 WL 702485.

{¶ 29} Therefore, the third assignment of error is overruled.

Judgment affirmed.

GALLAGHER and STEWART, JJ., concur.