[Cite as *James Lumber Co. v. Nottrodt*, 2012-Ohio-1746.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97288**

# THE JAMES LUMBER COMPANY

PLAINTIFF-APPELLEE/
CROSS-APPELLANT

vs.

# ROBERT G. NOTTRODT, ET AL.

DEFENDANTS-APPELLANTS/
CROSS-APPELLEES

**JUDGMENT:**
AFFIRMED IN PART, REVERSED
IN PART, AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-606703

**BEFORE:** Celebrezze, P.J., Cooney, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 19, 2012

**ATTORNEYS FOR APPELLANTS/CROSS-APPELLEES**

**For Robert G. Nottrodt**

William F. Chinnock
8238 Sugarloaf Road
Boulder, Colorado   80302

**For Craig P. Metzler**

Nicholas E. Phillips
Phillips, Mille & Constabile Co., L.P.A.
7530 Lucerne Drive
Suite 200
Middleburg Heights, Ohio   44130


**ATTORNEY FOR APPELLEE/CROSS-APPELLANT**

David J. Pasz
12001 Prospect Road
Suite A-1
Strongsville, Ohio   44149

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Defendant-appellant/cross-appellee, Robert G. Nottrodt, appeals the judgment of the common pleas court denying his motion for sanctions pursuant to R.C. 2323.51. Plaintiff-appellee/cross-appellant, The James Lumber Company ("James Lumber"), appeals the trial court's judgment granting Nottrodt's motion to dismiss pursuant to Civ.R. 12(B). After careful review of the record and relevant case law, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

{¶2} This case initially arose out of a business relationship between James Lumber and Summer Hill Homes of Ohio, L.L.C. ("Summer Hill"). At all times relevant to this appeal, Summer Hill was owned and operated by Robert G. Nottrodt and Craig Metzler and was engaged in the business of purchasing and developing residential property. Between 2004 and 2005, Summer Hill purchased approximately $250,000 in building materials from James Lumber. Summer Hill paid approximately $160,000 on the account, leaving a balance of $90,218.70.

{¶3} In February 2005, James Lumber filed suit against Summer Hill in Case No. CV-554010 for the account balance due, alleging causes of action for breach of contract, unjust enrichment, and fraud. James Lumber also personally joined Craig Metzler as a defendant.[1] Metzler was responsible for purchasing the building materials from James Lumber on behalf of Summer Hill. Ultimately, the parties executed a Stipulation for

---

[1] Nottrodt was not named as a defendant in James Lumber's February 2005 complaint.

Dismissal and Judgment Entry specifying that "Defendant Summer Hill Homes of Ohio confesses judgment in the amount of $90,000.00 to Plaintiff [James Lumber]."[2]

{¶4} On November 9, 2006, James Lumber filed a complaint against Nottrodt, Metzler, and Summer Hill, attempting to pierce the corporate veil, alleging that the principals of Summer Hill had fraudulently transferred assets of the company to avoid paying creditors, including James Lumber. Nottrodt and Summer Hill did not file an answer to the complaint. Instead, Nottrodt and Summer Hill filed a motion to dismiss, pursuant to Civ.R. 12(B), claiming that the 2006 litigation was barred by the doctrine of res judicata. On January 3, 2007, Metzler filed an answer and cross-claim against James Lumber. On January 5, 2007, Nottrodt and Summer Hill filed an amended motion to dismiss with attachments.[3]

{¶5} On December 27, 2007, the trial court granted Nottrodt's motion to dismiss, stating:

> Defendant, Robert Nottrodt's Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction is granted. This Court lacks jurisdiction based on the doctrine of res judicata as the case was once litigated and dismissed with prejudice in this Court. The subject matter of the previous case arose of the same occurrence of the previously litigated case and therefore, the additional claims could have and should have been brought in the previous litigation.

---

[2] James Lumber's case against Craig Metzler was voluntarily dismissed without prejudice.

[3] In the January 3, 2007 motion to dismiss, Nottrodt and Summer Hill attached copies of James Lumber's February 2005 complaint, the October 2005 stipulation for dismissal and judgment entry, and the October 2005 journal entry.

{¶6} On January 18, 2008, James Lumber filed a notice of appeal with this court. Subsequently, Nottrodt filed a motion for sanctions in the trial court against James Lumber and its counsel for filing an action that was barred by the doctrine of res judicata.

{¶7} Upon review, James Lumber's appeal was dismissed by this court for lack of a final, appealable order on April 4, 2008,[4] because the cross-claims of Metzler were not disposed of by the trial court. On April 18, 2008, James Lumber filed with the trial court a motion for reconsideration or, in the alternative, a motion for a final, appealable order. On September 13, 2010, the trial court denied Nottrodt's motion for sanctions and denied James Lumber's motion for reconsideration.

{¶8} On October 12, 2010, Nottrodt filed an appeal to this court from the trial court's order denying sanctions. However, for a second time, this court dismissed the appeal for want of a final, appealable order because Metzler's claims remained pending and were not disposed of by the trial court.[5] On August 15, 2011, the trial court disposed of Metzler's claims, thereby creating a final, appealable order.

{¶9} On September 12, 2011, Nottrodt filed his notice of appeal, raising one assignment of error for review. Subsequently, James Lumber filed its notice of cross-appeal on September 21, 2011, raising one assignment of error for review.

Law and Analysis

I. James Lumber's Cross-Appeal

---

[4] Case No. 90923.

[5] Case No. 95835.

**{¶10}** Because our disposition of appellee/cross-appellant's sole cross- assignment of error is determinative, we shall initially address James Lumber's cross-appeal.

**{¶11}** In its sole assignment of error, cross-appellant, James Lumber, argues that "the trial court erred by dismissing its complaint based on a finding that prior litigation that resulted in a judgment and created a judgment creditor/ judgment debtor relationship is res judicata as to James Lumber's claim for fraudulent conveyance and piercing the corporate veil."

**{¶12}** In dismissing James Lumber's complaint for lack of subject matter jurisdiction pursuant to Civ.R. 12(B)(1), the trial court concluded that the 2006 litigation was barred under the doctrine of res judicata. We apply a de novo standard of review to the trial court's granting of a motion to dismiss under Civ.R. 12(B)(1) for lack of subject matter jurisdiction. *Internatl. Total Servs., Inc. v. Garlitz*, 8th Dist. No. 90441, 2008-Ohio-3680, ¶ 6, citing *Dzina v. Avera Internatl. Corp.*, 8th Dist. No. 86583, 2006-Ohio-1363; *Madigan v. Cleveland*, 8th Dist. No. 93367, 2010-Ohio-1213, ¶ 20, citing *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. Under this standard of review, we must independently review the record and afford no deference to the trial court's decision. *Herakovic v. Catholic Diocese of Cleveland*, 8th Dist. No. 85467, 2005-Ohio-5985.

**{¶13}** The doctrine of res judicata provides that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v.*

*Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus. In *Grava,* the court stated that the doctrine of res judicata bars not only subsequent actions involving the same legal theory of recovery as the previous action, but also claims that could have been litigated in the previous action:

> "It has long been the law of Ohio that 'an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were *or might have been* litigated in a first lawsuit'" (emphasis *sic*) (quoting *Rogers v. Whitehall* [1986], 25 Ohio St.3d 67, 69, 25 OBR 89, 90, 494 N.E.2d 1387, 1388). We also declared that "[t]he doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." *Grava* at 382, quoting *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990).

However,

> "[l]itigation that resulted in a judgment and created a judgment-creditor/judgment-debtor relationship is not res judicata as to a subsequent claim that the debtor fraudulently transferred property to avoid paying the judgment. In other words, appellant was not required to add her claim for fraudulent conveyance to litigation that had not yet resulted in a judgment. Furthermore, a fraudulent-conveyance claim involves issues which were not actually litigated or decided in the prior actions." *Nosal v. Fairlawn Corp. Ctr.*, 9th Dist. No. 23846, 2008-Ohio-414, ¶ 12, quoting *Blood v. Nofzinger*, 162 Ohio App.3d 545, 2005-Ohio-3859, 834 N.E.2d 358, at ¶ 22 (6th Dist.).

**{¶14}** While Nottrodt is correct in stating that the present litigation derives from the underlying 2005 litigation to obtain judgment on an account in the amount of $90,000, he overlooks the fact that the gravamen of the present litigation is based on actions taken by Nottrodt and Metzler during and subsequent to the pendency of the 2005 litigation. Specifically, James Lumber alleged in the present complaint that Nottrodt and Metzler

fraudulently transferred James Lumber property "in an attempt to avoid attachment by its creditors, including James Lumber."

{¶15} Accordingly, James Lumber's current action is not an attempt to relitigate a claim or issue litigated and decided in the 2005 action, nor is it an attempt to litigate a claim or issue that might have been litigated and decided in the previous action. Rather, James Lumber's efforts to hold Nottrodt and Metzler personally liable is a part of James Lumber's overall effort to gain compliance with the trial court's October 2005 order, which James Lumber could not have done at any time prior to the date the order was issued. *Gilboy v. Marino*, 2d Dist. No. 17374, 1999 WL 148117 (Mar. 19, 1999). Thus, the trial court erred in ruling that James Lumber's action was barred under the doctrine of res judicata.

{¶16} Moreover, we find that the trial court erred procedurally in granting Nottrodt's Civ.R. 12(B) motion. When Nottrodt was initially served with James Lumber's complaint and summons, he did not file an answer, but rather filed a Civ.R. 12(B) motion claiming that the complaint failed to state a cause of action because it was barred by the doctrine of res judicata. Civ.R. 12(B), however, does not list res judicata among the defenses that may be raised in a motion to dismiss the complaint. *Compare* Civ.R. 8(A); *Lawson Steel Slitting, Inc. v. Cleveland Elec. Illum. Co.*, 8th Dist. No. 96845, 2012-Ohio-83.

{¶17} Thus, as Ohio courts have recognized, res judicata is not a defense that can be raised by a motion to dismiss pursuant to Civ.R. 12(B) because that defense must be

proved with evidence outside the pleadings. *Ardary v. Stepien,* 8th Dist. No. 82950, 2004-Ohio-630, ¶ 18, citing *State ex rel. Freeman v. Morris*, 62 Ohio St.3d 107, 109, 579 N.E.2d 702 (1991). "Pursuant to *Freeman,* 'the court may not dismiss a case, via a motion to dismiss on res judicata grounds.'" *Id.,* quoting *Shaper v. Tracy,* 73 Ohio St.3d 1211, 1995-Ohio-37, 654 N.E.2d 1268.

{¶18} Consequently, the trial court erred in dismissing James Lumber's complaint on this basis. *J & H Reinforcing & Struc. Erectors, Inc. v. Wellston City School Dist.*, 4th Dist. No. 09CA8, 2010-Ohio-2312; *Morris* at 109.

{¶19} While we acknowledge that Nottrodt filed a motion for summary judgment on May 21, 2007, his argument that the trial court inadvertently referenced his motion to dismiss in its journal entry is without merit. It is evident from the trial court's order that it clearly and intentionally based its decision to dismiss James Lumber's complaint on Nottrodt's Civ.R. 12(B) motion to dismiss. Thus, Nottrodt's motion for summary judgment was never ruled on and is deemed to have been denied. *Indep. Furniture Sales, Inc. v. Martin*, 184 Ohio App.3d 562, 2009-Ohio-5697, 921 N.E.2d 718 (8th Dist.) ("We note that when a trial court fails to rule upon a pretrial motion, it may be presumed that the court overruled it."). *See State ex rel. The V Cos. v. Marshall*, 81 Ohio St.3d 467, 469, 692 N.E.2d 198 (1998), citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 223, 631 N.E.2d 150 (1994).

{¶20} Accordingly, James Lumber's sole assignment of error is sustained.

## II. Nottrodt's Appeal

**{¶21}** In Nottrodt's sole assignment of error, he argues that the trial court erred as a matter of law in denying his motion for sanctions against James Lumber's counsel of record, attorney Ronald Pasz.

**{¶22}** R.C. 2323.51 provides that a party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action.

**{¶23}** The term "conduct" is defined as "the filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, or the taking of any other action in connection with a civil action * * *." R.C. 2323.51(A)(1)(a).

**{¶24}** The term "frivolous" is defined as conduct by a party to a civil action that "is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." R.C. 2323.51(A)(2)(a)(ii).

**{¶25}** In determining whether the claim itself is frivolous, the test is whether no reasonable lawyer would have brought the action in light of the existing law. *Orbit Electronics, Inc. v. Helm Instrument Co. Inc.,* 167 Ohio App.3d 301, 2006-Ohio-2317, 855 N.E.2d 91, ¶ 47 (8th Dist.), citing *Riston v. Butler,* 149 Ohio App.3d 390, 397-398, 2002-Ohio-2308, 777 N.E.2d 857 (1st Dist.); *Lisboa v. Kleinman*, 8th Dist. No. 89703, 2008-Ohio-1270. "'In other words, a claim is frivolous if it is absolutely clear under the existing law that no reasonable lawyer could argue the claim.'" *Riston* at ¶ 30, quoting *Hickman v. Murray*, 2d Dist. No. CA 15030, 1996 WL 125916 (Mar. 22, 1996).

**{¶26}** In the present case, Nottrodt sought sanctions against James Lumber pursuant to R.C. 2323.51. In asserting that James Lumber's suit was frivolous, Nottrodt argued that James Lumber's 2006 cause of action against Summer Hill, Metzler, and Nottrodt was barred under the doctrine of res judicata because it alleged the same operative facts as its previously adjudicated 2005 case. We find appellant's argument to be without merit. As discussed in James Lumber's cross-appeal, the trial court erred in dismissing James Lumber's 2006 litigation based on the doctrine of res judicata. Accordingly, sanctions against James Lumber pursuant to R.C. 2323.51 would be inappropriate in this matter.

**{¶27}** Nottrodt's sole assignment of error is overruled.

**{¶28}** Based on the foregoing, we affirm the judgment of the trial court denying Nottrodt's motion for sanctions, reverse the judgment of the trial court granting Nottrodt's Civ.R. 12(B) motion to dismiss, and remand for further proceedings consistent with this opinion.

It is ordered that appellee recover of said appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
EILEEN A. GALLAGHER, J., CONCUR