DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Plaintiffs-Appellants Robert C. Nosal and Grubb Ellis Co. (collectively "Brokers") appeal from the judgment of the Summit County Court of Common Pleas which dismissed their complaint based on a finding that it was moot. This Court reverses.
 I {¶ 2} On May 18, 2005, Brokers filed suit against Defendants-Appellees Fairlawn Corporate Center, Ltd., Cambridge Services Company, Ltd., David Kolar, Bernadette Kolar, and Eunice Krin (collectively "FCC"). In their suit, *Page 2 
Brokers alleged that FCC fraudulently transferred property. Specifically, Brokers alleged that FCC transferred property for less than market value to a related entity shortly before Brokers received a judgment against FCC.
 {¶ 3} Brokers' judgment resulted from a foreclosure action filed against FCC. In that action, Brokers alleged that they had performed services for FCC for which they had never been compensated. Based upon their filed liens, Brokers sought foreclosure of property owned by FCC and located at 2620 Ridgewood Drive, Akron, Ohio. The trial court found merit in Brokers' claims, ordered foreclosure of the property, and awarded Brokers' attorney fees. FCC timely appealed the trial court's order of foreclosure. On August 31, 2006, FCC redeemed its equity in the foreclosed property and thereafter dismissed its appeal. As a result, Brokers' outstanding debts were satisfied in full.
 {¶ 4} In the instant litigation, both parties moved for summary judgment on the fraudulent conveyance claim and the resulting counterclaims and cross-claims. On July 16, 2007, the trial court dismissed all of the parties' claims, asserting that the payment by FCC caused the claims to be moot and that any claims by Brokers were barred by res judicata. Brokers timely appealed the trial court's judgment, raising three assignments of error for review.
 II ASSIGNMENT OF ERROR I "THE COURT ERRONEOUSLY DISMISSED THE FRAUDULENT TRANSFER LAWSUIT ON GROUNDS THAT *Page 3 
FAIRLAWN'S REDEMPTION OF ITS EQUITY IN THE 2620 RIDGEWOOD PROPERTY BEING FORECLOSED IN THE RELATED LAWSUIT RENDERED ALL ISSUES AND CLAIMS MOOT IN THIS LAWSUIT OR BARRED BY PRINCIPLES OF RES JUDICATA OR COLLATERAL ESTOPPEL." (Emphasis sic.)
 {¶ 5} In their first assignment of error, Brokers assert that the trial court erred when it dismissed their claim based on a finding that it was moot. We agree.
 {¶ 6} "The issue of mootness is a question of law; therefore, we review the trial court's decision finding the instant matter moot under the de novo standard of review." Poulson v. Wooster City PlanningComm., 9th Dist. No. 04CA0077, 2005-Ohio-2976, at ¶ 5; Univ. Hosps. ofCleveland, Inc. v. Lynch, 96 Ohio St.3d 118, 2002-Ohio-3748, at ¶ 52. Using a de novo standard, this Court conducts an independent review of the trial court's decision, giving no deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711.
 {¶ 7} Actions are moot when they involve no actual genuine controversy which can definitely affect the parties' existing legal relationship.Lingo v. Ohio Cent. RR., Inc., 10th Dist. No. 05AP-206, 2006-Ohio-2268, at ¶ 20.
 "A moot case is one which seeks to get a judgment * * * upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy." Culver v. City of Warren (1948), 84 Ohio App. 373, 393, quoting Ex Parte Steele (N.D.Ala. 1908), 162 F. 694, 701.
In its ruling, the trial court determined that this matter was moot because Brokers were seeking the same relief they sought in the foreclosure action, the sought relief *Page 4 
had been awarded, and the resulting judgment had been satisfied by FCC. We cannot agree with the trial court's reasoning.
 {¶ 8} R.C. 1336.07(A) provides the remedies available under Ohio's version of the Uniform Fraudulent Transfer Act ("UFTA"). Specifically, R.C. 1336.07(A) provides the following remedies:
 "(1) Avoidance of the transfer or obligation to the extent necessary to satisfy the claim of the creditor;
 "* * *
 "(3) Subject to the applicable principles of equity and in accordance with the Rules of Civil Procedure, any of the following:
 "(c) Any other relief that the circumstances may require."
To the extent that Brokers seek avoidance of the transfer in question, we agree with the trial court that their cause of action is moot. As detailed in the statute, avoidance is only permissible "to the extent necessary" to fulfill the creditor's claim. As the claim which formed the basis of Brokers' suit was satisfied in its entirety, avoidance is not available under the statute. However, as the Ohio Supreme Court noted, Ohio's UFTA does not limit its remedies. Specifically, that Court held that punitive damages and attorney fees may be properly awarded once a fraudulent transfer has been proven. See Locafrance U.S. Corp. v.Interstate Distribution Srvs., Inc. (1983), 6 Ohio St.3d 198. As these remedies are still available to Brokers, we cannot say that a judgment on this issue would have no practical effect on the parties' controversy. *Page 5 
 {¶ 9} Our decision is also supported by the sole Ohio appellate decision to address this issue. Under similar facts, the Sixth District concluded that a fraudulent transfer cause of action was not moot. "Moreover, even if Blood's judgment had been [fully] satisfied, her UFTA claim could not have been moot; the UFTA provides remedies beyond setting aside certain transfers." Blood v. Nofzinger,162 Ohio App.3d 545, 2005-Ohio-3859, at ¶ 20. In Blood, the court detailed the damages available to a plaintiff in a fraudulent transfer cause of action. Id. at ¶ 59-60 (listing the available damages and noting that the "damages recoverable will depend on the facts of each case and what is necessary to compensate the creditor for harm flowing from the fraud."). This Court, therefore, concludes that Brokers' fraudulent transfer claim is not moot.
 {¶ 10} We note that the parties have spent a great deal of time discussing the existence of damages or the lack thereof. Brokers have argued that they still have judgments outstanding in an amount over $20,000. These judgments stem from a dispute over interest in the foreclosure action and a second award of attorney's fees in that action. Specifically, Brokers' received their $18,200 attorney fee award on March 7, 2007. At no time after that did Brokers seek to amend their complaint to claim that the property was transferred to avoid payment of this debt. Moreover, there is nothing to suggest that Brokers' fraudulent conveyance suit ever dealt with any debt other than the original claim at issue in the foreclosure action. As these awards were established well after the fraudulent *Page 6 
conveyance complaint was filed and amended, the failure to pay those judgments cannot be classified as damages for the fraudulent conveyance statute.
 {¶ 11} In response to Brokers' argument, FCC has argued that without an ability to establish compensatory damages, the remaining damages available for fraud cannot be recovered. While FCC may be correct in its assertion, a determination that Brokers' cannot prove damages does not cause their claim to be moot. Rather, that issue is one that is properly resolved through summary judgment. As noted below in response to assignments of error two and three, however, the trial court has not yet conducted a summary judgment proceeding.
 {¶ 12} Finally, to the extent that the trial court relied upon the doctrine of res judicata to dismiss Brokers' complaint, we find error. Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus. However,
 "[l]itigation that resulted in a judgment and created a judgment-creditor/judgment-debtor relationship is not res judicata as to a subsequent claim that the debtor fraudulently transferred property to avoid paying the judgment. In other words, appellant was not required to add her claim for fraudulent conveyance to litigation that had not yet resulted in a judgment. Furthermore, a fraudulent-conveyance claim involves issues which were not actually litigated or decided in the prior actions." Blood at ¶ 22.
We agree with the reasoning contained in Blood and find that res judicata does not bar Brokers' claim. *Page 7 
 {¶ 13} Moreover, the trial court's use of res judicata was procedurally flawed. In its journal entry, the trial court expressly declined to consider the parties' motions for summary judgment. Instead, the trial court dismissed the complaint in part based upon a determination that the claim was barred by res judicata. This Court has repeatedly held that res judicata is not the proper subject of a motion to dismiss. See Niepsuj v. Summa Health Sys., 9th Dist. Nos. 21557, 21559, 2004-Ohio-115, at ¶ 7, citing State ex rel. Freeman v.Morris (1991), 62 Ohio St.3d 107, 109; Shaper v. Tracy (1995),73 Ohio St.3d 1211, 1212. Consequently, the trial court erred in sua sponte dismissing the complaint based on res judicata.
 {¶ 14} Based on our conclusion that this action is not moot, nor prohibited by res judicata, Brokers' first assignment of error has merit.
 ASSIGNMENT OF ERROR II "THE COURT ERRONEOUSLY DISMISSED THE FRAUDULENT TRANSFER LAWSUIT WITHOUT RULING UPON APPELLANTS' THEN PENDING SUMMARY JUDGMENT MOTION AGAINST THE ADVERSE FAIRLAWN DEFENDANTS IN THIS LAWSUIT; AND APPELLANTS ARE ENTITLED TO A GRANT OF SUMMARY JUDGMENT ON DE NOVO HEARING[.]" (Emphasis sic.)
 ASSIGNMENT OF ERROR III "IN ADDITION TO A GRANT OF SUMMARY JUDGMENT AS REQUESTED ON A DE NOVO HEARING, OR ON REMAND, THE DISMISSAL MUST BE REVERSED BECAUSE THE COURT ERRONEOUSLY DISMISSED THE FRAUDULENT TRANSFER LAWSUIT WITHOUT HEARING THE MERITS AND WITHOUT CONSIDERING APPELLANTS' PENDING *Page 8 
CLAIMS FOR THEIR FULL REMEDIES, INCLUDING PUNITIVE DAMAGES AND ATTORNEY FEES[.]" (Emphasis sic.)
 {¶ 15} In their final two assignments of error, Brokers contend that this Court should award them summary judgment. In addition, FCC contends that this Court should affirm the trial court on other grounds because they are entitled to judgment as a matter of law.
 {¶ 16} As noted above, the trial court has not yet determined the merits of Brokers' cause of action. It would be improper, therefore, for this Court to rule on those merits. See J.F. v. D.B., Slip Opinion No.2007-Ohio-6750 (reversing the appellate court's award of damages when the trial court had dismissed a breach of contract action without reviewing its merits). Consequently, Brokers' second and third assignments of error lack merit.
 III {¶ 17} Brokers' first assignment of error is sustained. Brokers' second and third assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
 The Court finds that there were reasonable grounds for this appeal. *Page 9 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
Slaby, J., CONCURS
 Moore, P. J., CONCURS IN JUDGMENT ONLY *Page 1