[Cite as *Clayton v. Walker*, 2013-Ohio-2318.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| KELLIE CLAYTON | | C.A. No.    26538 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| SHAWN D. WALKER | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.    2011-07-2000 |

DECISION AND JOURNAL ENTRY

Dated: June 5, 2013

WHITMORE, Judge.

{¶1} Respondent-Appellant, Shawn Walker ("Father"), appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. This Court affirms.

I

{¶2} On July 6, 2011, an altercation occurred at Father's residence when Petitioner-Appellee, Kellie Clayton ("Mother"), came to pick up their two-year old daughter, B.W. There is no dispute that Mother attempted to leave the house with B.W., and Father protested because he wanted the child to remain in his home. According to Mother, Father knocked B.W. from her arms, threatened to kill her, and choked her around the neck until his parents restrained him. According to Father, Mother hit him and scratched his face when he attempted to take B.W. from her. As a result of the incident, both Mother and Father sought a domestic violence civil protection order ("CPO").

{¶3} In Case No. 2011-07-2000, Mother filed her CPO petition in favor of herself and B.W. On July 12, 2011, a hearing on the petition took place before a magistrate. Mother appeared at the hearing with counsel, and Father appeared pro se. Both testified as to their version of the events and were the only witnesses who testified. As a result of the hearing, the magistrate determined that Mother's petition should be granted. On July 18, 2011, the court adopted the magistrate's decision and issued a CPO in favor of Mother and B.W.

{¶4} After the court issued the CPO, Father filed two motions. On July 21, 2011, Father filed a motion to modify the CPO. In that motion, he asked the court to modify the provisions preventing him from having any contact with Mother or being near her because both he and Mother worked in the same building for the same employer. On October 18, 2011, Father filed a motion to terminate the CPO. In his motion to terminate, Father asked the court to terminate the CPO on the basis that it was unjustified and unsupported by the evidence introduced at the hearing. The trial court ruled on both motions on November 15, 2011, and refused to terminate CPO.

{¶5} No further items were filed by Father in Case No. 2011-07-2000. Nevertheless, the trial court entered several additional rulings. On March 18, 2012, the trial court issued a ruling on objections to the magistrate's decision. The court's ruling indicated that Father had filed objections to challenge the issuance of Mother's CPO, but the objections were overruled because Father had failed to include a transcript of the July 12th CPO hearing with his objections. On April 13, 2012, the court vacated its March 18th ruling. The court explained that there was some confusion in the case because two hearings had occurred on July 12th; one hearing on Father's CPO petition and one hearing on Mother's CPO petition. The court noted that, although Father had filed objections that encompassed the issuance of Mother's CPO, he

had filed the objections under a different case number. Moreover, Father had not specified in his praecipe for a transcript that he had wanted both hearings from July 12th transcribed. The court ordered Father's objections reinstated and gave him an additional 14 days to secure a transcript of the hearing on Mother's CPO petition. Father's actual objections were never filed in Case No. 2011-07-2000.

{¶6} Finally, on June 7, 2012, the trial court issued an entry overruling Father's objections to the issuance of Mother's CPO and reiterating that the CPO remained in effect. Father now appeals from the trial court's judgment entry and raises three assignments of error for our review. For ease of analysis, we consolidate the assignments of error.

II

### Assignment of Error Number One

THE TRIAL COURT ERRED WHEN IT APPLIED THE ABUSE OF DISCRETION REVIEW OF THE MAGISTRATE'S DECISION.

### Assignment of Error Number Two

THE TRIAL COURT ERRED ABUSED (sic) ITS DISCRETION WHEN IT UPHELD MS. CLAYTON'S PETITION FOR A DOMESTIC CIVIL PROTECTION ORDER AND DENIED MR. WALKER'S DOMESTIC CIVIL PROTECTION ORDER.

### Assignment of Error Number Three

THE TRIAL COURT ERRED AND DENIED PRO SE PETITIONER-FATHER HIS FUNDAMENTAL RIGHT TO A DUE PROCESS FAIR TRIAL BY LIMITING HIS TIME FOR TESTIMONY AND SUBMISSION OF PHOTOGRAPHIC EVIDENCE.

{¶7} In his assignments of error, Father challenges: (1) the standard of review the trial court applied when reviewing the magistrate's decision; (2) the court's ultimate decision to adopt the magistrate's decision in light of the evidence introduced at the CPO hearing; and (3) the

court's ultimate decision to adopt the magistrate's decision in light of the fact that the magistrate refused to allow Father more time to present evidence and call additional witnesses.

{¶8} Initially, we note that Father has only appealed from the judgment in Case No. 2011-07-2000. The record in this appeal, therefore, consists solely of the record from Case No. 2011-07-2000.

{¶9} Civ.R. 53 applies to magistrate's decisions. One who wishes to object to a magistrate's decision must file written objections within fourteen days of the filing of the decision. Civ.R. 53(D)(3)(b)(i). Any objection must be "specific and state with particularity all grounds for objection." Civ.R. 53(D)(3)(b)(ii). "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Civ.R. 53(D)(3)(b)(iv).

{¶10} Father never filed objections to the magistrate's decision in Case No. 2011-07-2000. Apparently, Father filed objections under a different case number and one or more of those objections pertained to this case. It would appear that because the same magistrate and the same trial court judge handled each case, the court was aware of the objections and considered them. In essence, the court took judicial notice of the objections.

{¶11} "This Court has held that a trial court 'may only take judicial notice of prior proceedings in the immediate case.'" *Maiorana v. Maiorana*, 9th Dist. No. 10CA0060-M, 2011-Ohio-4464, ¶ 9, quoting *In re J.C.*, 186 Ohio App.3d 243, 2010-Ohio-637, ¶ 14 (9th Dist.). A court may not take judicial notice of the proceedings in other cases, "even though between the same parties and even though the same judge presided." *In re J.C.* at ¶ 14, quoting *State v. Hill*, 9th Dist. No. 92CA005358, 1993 WL 191972, *2 (June 9, 1993). "The rationale for this rule is

that an appellate court cannot review the propriety of the trial court's reliance on such prior proceedings when that record is not before the appellate court." *In re J.C.* at ¶ 15. "[A] reviewing court should be limited to what transpired in the trial court as reflected by the record made of the proceedings." *State v. Ishmail*, 54 Ohio St.2d 402, 406 (1978). "Matters outside the record cannot be used to demonstrate error, nor can they be considered in defense of the judgment." *In re J.C.* at ¶ 15.

{¶12} As previously noted, the record on appeal does not contain any objections to the magistrate's decision. It only contains the court's judgment entry, overruling the objections and adopting the magistrate's decision. This Court addressed a similar situation in *State v. Wilkins*, 9th Dist. No. 21347, 2003-Ohio-4638. In *Wilkins*, the defendant appealed from a judgment entry denying a Civ.R. 60(B) motion for relief. Yet, no Civ.R. 60(B) motion was ever filed in the case so as to make it a part of the record. *Wilkins* at ¶ 4, fn.1. This Court held that, "[a]s a result of [the defendant's] failure to provide the motion for relief from judgment considered by the trial court, [he] has not demonstrated the error assigned." *Id.* at ¶ 6. Consequently, this Court overruled the defendant's challenge to the court's judgment. *Id.*

{¶13} Father cannot demonstrate error on appeal, as any objections he may have filed are not a part of the record in this case (Case No. 2011-07-2000). *In re J.C.* at ¶ 15; *Wilkins* at ¶ 6. Although the trial court considered his objections, it should not have done so. *See In re J.C.* at ¶ 14. *See also Maiorana*, 2011-Ohio-4464, at ¶ 10. This Court cannot consider Father's arguments, as Father never preserved them by filing objections to the magistrate's decision in this case. Civ.R. 53(D)(3)(b)(iv). Father's three assignments of error are overruled.

III

**{¶14}** Father's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, P. J.
DISSENTING.

**{¶15}** Based on my review of the record in case number DR 2001-07-2000, I would conclude that Mr. Walker timely filed objections to the magistrate's decision granting a civil

protection order in favor of Ms. Clayton on July 21, 2011. Although he captioned that filing as a motion to modify the civil protection order, he later filed a supplemental brief on November 14, 2011. The supplemental brief included the case numbers from both cases. To me it is clear that the trial court treated the July 21, 2011 motion, as supplemented by the November 14, 2011 brief, as timely filed objections. The trial court initially overruled these objections based on the lack of a transcript of the proceedings. It vacated that judgment, however, upon realizing that there was some confusion in the record as to whether Mr. Walker had requested a transcript. The trial court reinstated Mr. Walker's objections and ultimately overruled them on the merits. The trial court's judgment entry discusses all arguments developed in Mr. Walker's November 14, 2011 brief supplementing his July 21, 2011 motion. Although the July 21, 2011 filing was captioned as a motion rather than objections, the trial court clearly recognized the filing and supplemental brief as objections and ruled on them as such. Accordingly, this Court has the ability to review the merits of Mr. Walker's appeal, and I would do so.

APPEARANCES:

THOMAS T. MULLEN, Attorney at Law, for Appellant.

HANK F. MEYER, Attorney at Law, for Appellee.