[Cite as *Radcliff v. Tucker*, 2016-Ohio-5908.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| ERNEST L. RADCLIFF, et al. | | C.A. No.    28072 |
| Appellants | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| TRENNA WRIGHT TUCKER | | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No.    15 CVF 08152 |

DECISION AND JOURNAL ENTRY

Dated: September 21, 2016

WHITMORE, Judge.

{¶1}    Plaintiff-Appellants, Ernest Radcliff and Anderson Wilkerson (collectively, "the Owners"), appeal from the judgment of the Akron Municipal Court, dismissing their complaint against Defendant-Appellee, Trenna Wright Tucker.  This Court reverses.

I

{¶2}    On November 5, 2015, the Owners filed a complaint for breach of contract against Tucker.  The complaint alleged that Tucker had become the Owners' tenant pursuant to an oral lease.  According to the Owners, Tucker failed to pay any rent and left the property in poor condition when she vacated it.  Their complaint also alleged that, following Tucker's departure, they incurred expenses removing a vehicle that she left on the property.  The complaint contained three counts against Tucker in which the Owners sought (1) damages for the unpaid rent and various cleaning and repair costs; (2) damages for the cost of the vehicle

removal; and (3) attorney fees. Tucker filed an answer to the Owners' complaint, as well as a counterclaim for conversion.

{¶3} Following the filing of the Owners' answer to Tucker's counterclaim, the trial court issued a judgment entry. Absent a hearing or other opportunity for the parties to respond, the court sua sponte ordered the dismissal of the Owners' complaint. The court indicated that, based on its own research, it had discovered that Radcliff had previously filed a forcible entry and detainer action against Tucker. Because the court in the prior action had determined that the parties did not have a written lease agreement and had dismissed the Owners' writ, the trial court found that the Owners' action for breach of contract was barred by res judicata. The court further found that a dismissal was appropriate under its Local Rules because the Owners had failed to caption their initial filing "as a Complaint or other pleading."

{¶4} The Owners now appeal from the trial court's judgment and raise four assignments of error for our review. For ease of analysis, we rearrange and consolidate several of the assignments of error.

II

Assignment of Error Number Three

THE TRIAL COURT ERRED WHEN IT RELIED UPON MATERIALS NOT BEFORE IT IN DISMISSING THE CASE.

Assignment of Error Number Four

THE TRIAL COURT ERRED WHEN IT DISMISSED THE COMPLAINT SUA SPONTE.

{¶5} In their third and fourth assignments of error, the Owners argue that the trial court erred when it sua sponte dismissed their complaint without notice or an opportunity to respond and based on materials outside the record. We agree.

{¶6} "Absent particularized circumstances, a trial court is required to notify a plaintiff of its intention to dismiss a complaint sua sponte regardless of the basis for the dismissal." *Capital One Bank, N.A. v. Harland*, 9th Dist. Wayne No. 09CA0010, 2009-Ohio-5890, ¶ 7. "The only instances [] when a sua sponte dismissal of complaint without notice is appropriate is when the complaint is frivolous or the plaintiff cannot succeed on the facts stated in the complaint." *Dunn v. Marthers*, 9th Dist. Lorain No. 05CA008838, 2006-Ohio-4923, ¶ 11. "This Court has repeatedly held that res judicata is not the proper subject of a motion to dismiss." *Nosal v. Fairlawn Corporate Ctr.*, 9th Dist. Summit No. 23846, 2008-Ohio-414, ¶ 13. Further, we have held "that a trial court 'may only take judicial notice of prior proceedings in the immediate case.'" *Maiorana v. Maiorana*, 9th Dist. Medina No. 10CA0060-M, 2011-Ohio-4464, ¶ 9, quoting *In re J.C.*, 186 Ohio App.3d 243, 2010-Ohio-637, ¶ 14 (9th Dist.). "A court may not take judicial notice of the proceedings in other cases, 'even though between the same parties * * *.'" *Clayton v. Walker*, 9th Dist. Summit No. 26538, 2013-Ohio-2318, ¶ 11, quoting *In re J.C.* at ¶ 14, quoting *State v. Hill*, 9th Dist. Lorain No. 92CA005358, 1993 WL 191972, *2 (June 9, 1993).

{¶7} The trial court here sua sponte dismissed the Owners' complaint without notice on the basis of res judicata. Res judicata, however, is not a proper basis for the dismissal of a complaint. *See Nosal* at ¶ 13 (trial court erred by "sua sponte dismissing the complaint based on res judicata"). Moreover, the facts on which the court based its conclusion that this matter was barred by res judicata were discovered when the court went beyond the record and conducted its own independent research. The court wrote that, "[u]pon review of the Civil Clerk's files, the Court discovered that, in fact, the parties have previously litigated this matter." It was not permitted, however, to take judicial notice of a different proceeding. *Clayton* at ¶ 11. The court

erred by sua sponte dismissing the Owners' complaint on an inappropriate basis and with reference to matters outside of the record before it. Consequently, the Owners' third and fourth assignments of error are sustained.

Assignment of Error Number Two

THE TRIAL COURT ERRED WHEN IT DISMISSED PLAINTIFFS' COMPLAINT FOR FAILURE TO COMPLY WITH LOC. R. 11 (A)(d).

{¶8} In their second assignment of error, the Owners argue that the trial court erred by dismissing their complaint because it did not comply with one of the court's Local Rules. We agree.

{¶9} "We review the trial court's interpretation or application of its local rules for an abuse of discretion." *Meador v. Bath Twp.*, 9th Dist. Summit No. 25007, 2010-Ohio-2570, ¶ 8. An abuse of discretion implies that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶10} The Local Rules of the Akron Municipal Court require all papers filed with the court to include "a short description of the pleading or motion being filed." AMCR No. 11(A)(d). Yet, the Local Rules do not include any sanction that might apply should a litigant fail to comply with the foregoing requirement. Moreover, the Civil Rules favor the amendment of pleadings. *See* Civ.R. 15(A) (permitting timely amendments as a matter of course and providing that leave for untimely amendments "shall freely [be] give[n] when justice so requires").

{¶11} In addition to dismissing the Owners' complaint on the basis of res judicata, the trial court dismissed their complaint because it did not comply with AMCR No. 11(A)(d). Specifically, the court found that the complaint was "simply styled as 'Breach of Contract'" and was not captioned "as a Complaint or other pleading." Presumably, because the court also was

dismissing the matter on the basis of res judicata, it failed to give the Owners an opportunity to amend their complaint so as to add the word "Complaint" to its caption.

{¶12} Even assuming that the Owners' complaint was procedurally deficient, "[f]airness and justice are best served when a court disposes of a case on the merits. Only a flagrant, substantial disregard for the court rules can justify a dismissal on procedural grounds." *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 193 (1982). The Owners' error, if any, fell far short of a flagrant, substantial disregard of the court's rules. Tucker would not have been prejudiced by allowing the Owners to amend their complaint, and a dismissal was a sanction that was disproportionate to the nature of their mistake. *See id.* at syllabus. Consequently, we must conclude that, under these particular circumstances, the court abused its discretion by dismissing the Owners' complaint due to a purported violation of its Local Rules. *See, e.g., Richerson v. Patten*, 83 Ohio App.3d 895, 897 (9th Dist.1992). The Owners' second assignment of error is sustained.

Assignment of Error Number One

> THE TRIAL COURT ERRED WHEN IT RULED THAT PLAINTIFFS' BREACH OF CONTRACT CLAIM WAS BARRED BY THE DOCTRINE OF *RES JUDICATA*.

{¶13} In their first assignment of error, the Owners argue that the court erred when it determined that their breach of contract claim was barred by res judicata. Based on our resolution of the Owners' third and fourth assignments of error, this assignment of error is moot, and we decline to address it. *See* App.R. 12(A)(1)(c).

III

{¶14} The Owners' second, third, and fourth assignments of error are sustained. Their first assignment of error is moot, and we decline to address it. The judgment of the Akron

Municipal Court is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

EDWARD L. GILBERT, Attorney at Law, for Appellants.

TYLER J. WHITNEY, Attorney at Law, for Appellee.